IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KARLA JARRELL and
BRITTANY JARRELL,

                Plaintiffs,

v.                                          CIVIL ACTION NO.   2:20-cv-00289

HARDY CELLULAR TELEPHONE
COMPANY,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiffs' *Initial Verified Complaint* (Document 1-1), the *Defendant's Motion to Dismiss* (Document 4), the *Memorandum in Support of Defendant's Motion to Dismiss* (Document 5), the Plaintiffs' *Motion for Leave to Amend and Supporting Memorandum* (Document 9), the Plaintiffs' proposed *First Amended Complaint* (Document 9-1), the Plaintiffs' *Memorandum in Opposition to Defendant's Motion to Dismiss* (Document 10), the *Defendant's Motion to Strike Plaintiffs' Untimely Response to Defendant's Motion to Dismiss, or in the Alternative, Defendant's Reply in Support of Its Motion to Dismiss* (Document 13), the *Plaintiffs' Response to Defendant's Motion to Strike and Motion to File Its Memorandum in Opposition to Defendant's Motion to Dismiss* (Document 14), the *Defendant's Response in Opposition to Plaintiffs' Motion for Leave to Amend* (Document 15), and the *Defendant's Reply in Support of Its Motion to Strike and Response in Opposition to Plaintiff's Motion for Leave to File* (Document 16). The Court finds that the Plaintiffs' motion to amend should be granted.

The Plaintiffs, Karla and Brittany Jarrell, were employed by Hardy Cellular Telephone Company, properly named USCC Services, LLC.  They allege that they were both good employees with generally positive work reviews and friendly relationships with coworkers and supervisors.  They entered into a relationship, and when coworkers discovered that relationship, their coworkers and supervisors began making harassing and discriminatory comments, including expressing disapproval of their relationship during group meetings.  Their supervisor deliberately exposed them to coworkers and others who ridiculed and harassed them because of their relationship.  Brittany Jarrell resigned her position in July 2018 as a result of the harassment.  In December 2018, Karla Jarrell received her first yearly evaluation since the discovery of her sexual orientation.  Despite excellent sales numbers and performance consistent with her past performance, she received a less than exemplary evaluation for the first time.  Karla Jarrell continued working at USCC until March 26, 2019, when she also left her position as a result of the harassment.

The Plaintiffs filed their initial complaint in the Circuit Court of Kanawha County on March 20, 2020.  It alleges intentional and negligent infliction of emotional distress, breach of promise based on an employee handbook, and discrimination in violation of the West Virginia Human Rights Act (WVHRA).  The Defendant filed its motion to dismiss on May 20, 2020.  The Plaintiffs did not file a timely response.  On June 26, 2020, the deadline for amendments contained in the Court's scheduling order, the Plaintiffs filed a motion to amend, as well as a brief response in opposition to the motion to dismiss.  The proposed amended complaint sets forth the same basic factual allegations.  It alleges intentional and negligent infliction of emotional distress (with reference to the deliberate intent statute); violation of the WVHRA (with reference to

*Bostock v. Clayton Cty., Georgia*, 140 S. Ct. 1731, 1737 (2020), decided on June 26, 2020); violation of associational discrimination; and constructive discharge.

The Defendant urges the Court to strike the Plaintiffs' untimely response and grant its motion to dismiss. It argues that the proposed amended complaint would be futile, based on the analysis put forth in its motion to dismiss. It contends that the IIED claim is barred by the immunity provisions of the worker's compensation statute,[1] and the remaining claims are not viable because the WVHRA does not prohibit discrimination based on sexual orientation.

Rule 15(a)(2) of the Federal Rules of Civil Procedure encourages Courts to freely grant motions for leave to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). "A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Associates*, 602 F.3d 597, 603 (4th Cir. 2010). "Motions to amend are typically granted in the absence of an improper motive, such as undue delay, bad faith, or repeated failure to cure a deficiency by amendments previously allowed." *Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 447 (4th Cir. 2004). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011).

The Defendants rely on a decision from the West Virginia Supreme Court of Appeals holding that "sex" and "sexual orientation" are distinct for purposes of the state criminal civil rights statute. *State v. Butler*, 799 S.E.2d 718, 724–25 (W. Va. 2017). The court found that the

---

[1] Because the Plaintiffs' amendment contains brief additional allegations related to Count One, and because the Court finds that the amendment is not otherwise futile as to the remaining counts, the Court has not addressed whether the Plaintiffs' proposed amended complaint states a claim as to the IIED allegations.

hate crimes statute, which specifically included "sex" as a category, did not reach crimes based on sexual orientation. *Id.* Much of the discussion focused on the rules of construction relevant to a criminal statute. The Court noted comparisons to Title VII and the WVHRA but found those analyses to be inapplicable. *Id.* at footnotes 8 & 11.

In contrast, when interpreting the WVHRA, including the specific provisions at issue here, the West Virginia Supreme Court held that courts should use the "same analytical framework" to consider WVHRA claims as federal courts apply to Title VII claims "particularly…when, as in this case, the critical language of our Act — 'because of sex'—parallels the federal legislation." *Willis v. Wal-Mart Stores, Inc.*, 504 S.E.2d 648, 652 (W. Va. 1998) (internal quotation marks omitted). On June 26, 2020, after the Defendant had filed its motion to dismiss, the United States Supreme Court held that discrimination on the basis of sexual orientation or gender identity constitutes discrimination "because of sex" for purposes of Title VII. *Bostock v. Clayton Cty., Georgia*, 140 S. Ct. 1731, 1737 (2020). The Court explained that "it is impossible to discriminate against a person for being homosexual or transgender without discriminating against that individual based on sex." *Id.* at 1741 (explaining that an employer who fires a man for being attracted to men but would not fire a woman for being attracted to men, has necessarily fired the man because of his sex).

Because interpretation of the WVHRA parallels interpretation of Title VII, the Court finds that the Plaintiffs' allegations of discrimination based on their same-sex relationship state a claim for sex discrimination under the WVHRA. The West Virginia Supreme Court's interpretation of similar terms in the context of the hate crimes statute, involving criminal penalties for violations, is not applicable. The long-established precedent stating that West Virginia courts consider

federal Title VII precedent to interpret the WVHRA governs here, and the Supreme Court's decision in *Bostock* is precisely on-point. Therefore, the Court cannot accept the Defendant's argument that the amendment would be futile because the additional claims rest on the sex discrimination claim.

It remains early in litigation, and there is no suggestion that the proposed amendment would be prejudicial or was made in bad faith. Therefore, the Court finds that the motion to amend should be granted. The Court's normal practice when an amended complaint is filed is to moot any pending motion to dismiss the original complaint and permit updated briefing of any motions with respect to the amended complaint to ensure a clean record, and the Court will follow that practice.

Prior to submission of additional filings, the Court would urge counsel to carefully review the Local Rules of Civil Procedure for this district, as well as the Court's scheduling order and the generally applicable timelines contained in the Federal Rules of Civil Procedure. The failure to file a timely response to a brief is unacceptable, and any further neglect of that nature could be prejudicial to the interests of clients.[2] The Local Rules contain formatting standards for briefs. The Plaintiffs' briefing in this matter has not used the appropriate font or spacing, and the Defendant's briefing including documents attached to the memorandum rather than the motion, is contrary to the Local Rules. Future filings that do not comply with those rules, as well as all applicable deadlines, may be stricken.

---

2 The Court does not summarily grant motions to dismiss based on the failure of a plaintiff to respond, but instead reviews the motion in light of the allegations in the complaint to determine whether the defendant has demonstrated that the plaintiff failed to state a claim. Nonetheless, effective representation generally requires timely responses to pending motions.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Plaintiffs' *Motion for Leave to Amend and Supporting Memorandum* (Document 9) be **GRANTED** and that the Plaintiffs' proposed *First Amended Complaint* (Document 9-1) be **FILED** as a separate docket entry. The Court further **ORDERS** that the *Defendant's Motion to Dismiss* (Document 4) and the *Defendant's Motion to Strike Plaintiffs' Untimely Response to Defendant's Motion to Dismiss, or in the Alternative, Defendant's Reply in Support of Its Motion to Dismiss* (Document 13) be **TERMINATED AS MOOT**. The Court further **ORDERS** that an answer or responsive pleading be filed within **twenty-one (21) days** of the entry of this Order.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: July 22, 2020

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA